## NOT FOR PUBLICATION WITHOUT THE APPROVAL OF THE APPELLATE DIVISION

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2171-20

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

DERRICK T. BECKETT,
a/k/a TYRONE OWENS,

     Defendant-Appellant.

_____

     Submitted April 6, 2022 – Decided June 27, 2022

     Before Judges Gilson and Gummer.

     On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Indictment No. 16-03-0201.

     Joseph A. Krakora, Public Defender, attorney for appellant (Brian D. Driscoll, Designated Counsel, on the brief).

     Angelo J. Onofri, Mercer County Prosecutor, attorney for respondent (Laura Sunyak, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from an order denying his petition for post-conviction relief (PCR) after oral argument but without an evidentiary hearing. Defendant challenged his attorney's effectiveness prior to trial, claiming his attorney had failed to investigate the ownership of a safe and its contraband contents, which police found during a warranted search of defendant's residence. Agreeing with the PCR judge that defendant failed to demonstrate his attorney's performance was objectively deficient, we affirm.

To obtain relief on ineffective-assistance-of-counsel grounds, a defendant must show counsel's performance was deficient and that the deficiency prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987). To satisfy those two prongs, a defendant "must prove an objectively deficient performance by defense counsel" and that the deficiency so prejudiced the defense that "it is reasonably probable that the result would be altered." State v. Allegro, 193 N.J. 352, 366 (2008); see also State v. Gideon, 244 N.J. 538, 550-51 (2021). "[A] petitioner must do more than make bald assertions that he was denied the effective assistance of counsel." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999); see also State v. Blake, 444 N.J. Super. 285, 299 (App. Div. 2016) (bare assertions are not enough to establish a prima facie case of ineffectiveness). "[W]hen a petitioner

claims his [or her] trial attorney inadequately investigated his [or her] case, he [or she] must assert the facts that an investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." Cummings, 321 N.J. Super. at 170. "Prejudice is not to be presumed . . . . The defendant must 'affirmatively prove prejudice.'" Gideon, 244 N.J. at 551 (quoting Strickland, 466 U.S. at 693).

We review de novo a PCR judge's legal conclusions. State v. Lawrence, 463 N.J. Super. 518, 522 (App. Div. 2020). Where, as here, the PCR judge did not conduct an evidentiary hearing, we review de novo any factual inference the PCR judge drew from the documentary record. Ibid. We review under an abuse-of-discretion standard a PCR judge's decision to proceed without an evidentiary hearing. State v. L.G.-M., 462 N.J. Super. 357, 365 (App Div. 2020). "[M]erely raising a claim for PCR does not entitle a defendant to an evidentiary hearing." Id. at 364. Allegations that are "too vague, conclusory, or speculative" do not merit an evidentiary hearing. State v. Marshall, 148 N.J. 89, 158 (1997).

We glean the following facts from the record. During a warranted search of defendant's residence, a narcotics dog gave a positive indication for narcotics in a third-floor bedroom closet and a basement hallway. A police detective found a safe in the bedroom closet and a key to the safe on the ledge of the closet

A-2171-20

door. The safe contained a heat-sealed Ziploc bag with smaller plastic bags containing marijuana, two boxes of sandwich bags, a bag with smaller clear plastic bags, two digital scales, a loaded .9-millimeter handgun, two boxes of .9-millimeter ammunition, and one box of .380 caliber ammunition. Police also found in the door leading to the basement forty-one small Ziploc bags containing cocaine and cocaine in a purse.

Defendant was arrested and transported to the police station with his fiancée, who was detained and handcuffed while detectives interrogated defendant. Defendant was advised of his Miranda rights, acknowledged his understanding of those rights, and agreed to waive them and give a statement. See Miranda v. Arizona, 384 U.S. 436 (1966). Defendant admitted he lived in the residence with his fiancée and children and that he sold the crack cocaine found in the house to earn "a little extra money." Defendant initially claimed his stepfather Boyce Clark owned the safe and its contents and denied ever opening the safe. After detectives told him they had located the key to the safe, defendant admitted he had placed marijuana in the safe, had used a digital scale to measure the marijuana, had used the plastic bags to package the marijuana for sale, and had sold some of the marijuana. He stated the gun and ammunition belonged to his stepfather but acknowledged they were in his possession, he

knew the gun was in the safe, and he previously had "tested [the gun] a couple of times." At the end of his statement, defendant confirmed he had told the truth and had not been pressured or coerced into giving the statement.

At trial, defendant testified his statement had been coerced, specifically that police had threatened they would jail his fiancée and call the Division of Child Protection and Permanency regarding his children if he did not "own up to everything." He testified the crack cocaine was for his personal use and denied ownership of the other contraband. He testified the safe belonged to his stepfather but denied going into the safe, knowing how to open it, or knowing what was in it. He contended he had agreed to accept responsibility in his statement to spare his fiancée and children. Defendant's fiancée also testified, similarly asserting the safe belonged to defendant's stepfather and denying knowledge of its contents. She testified that after defendant had given his statement, he told her she would be released because he had done "what they needed him to do."

Defendant was convicted by a jury of third- and fourth-degree possession of a controlled dangerous substance (CDS), N.J.S.A. 2C:35-10(a)(1) and (3); two counts of third-degree possession of CDS with the intent to distribute, N.J.S.A. 2C:35-5(a)(1); second-degree possession of a firearm while

committing a CDS offense, N.J.S.A. 2C:39-4.1(b); and second-degree being a certain person not permitted to possess weapons, N.J.S.A. 2C:39-7(b)(1). He was sentenced to an aggregate term of ten years' imprisonment with an eight-year period of parole ineligibility. We affirmed his convictions. State v. Beckett, No. A-5398-16 (App. Div. Aug. 26, 2019).

Defendant filed a pro se petition for PCR. His appointed counsel subsequently filed an amended petition, arguing, among other things, ineffective assistance of counsel for failure to properly investigate the case. Defendant specifically faulted his counsel for failing to investigate his stepfather, Boyce Clark, who, according to defendant, was the owner of the safe and its contents. Defendant did not submit any affidavit or certification from or about Clark, the safe, or its contents in support of his petition. The trial transcripts were submitted to the PCR judge, who conducted oral argument before issuing a decision.

On the issue of the investigation of Clark, the safe, and its contents, the PCR judge held defendant had failed to establish either prong under Strickland. The judge found defendant had "failed to allege any claims beyond bald assertions that would overcome the presumption that his attorney's actions were trial strategy," citing Cummings, 321 N.J. Super. at 170. The judge referenced

6

defendant's videotaped admission to possessing the weapon, testing the weapon, having access to the safe, and placing marijuana in the safe. The judge found defendant had failed to provide an affidavit or certification from "Clark establishing that he was available to testify and that he could have provided credible information to alter the outcome of the case" and that defendant had "provided no specific assertions regarding potential testimony that would negate" defendant's admissions about possessing and testing the weapon and having access to and placing marijuana in the safe. The judge concluded defendant had failed to demonstrate counsel's performance was objectively unreasonable.

Having made those findings, the judge did not need to reach the second prong of Strickland, but he nevertheless addressed it. He found defendant had not "demonstrate[ed] that there is a 'reasonable probability that, but for' his trial counsel's purported inefficiency, 'the result of the proceeding would have been different,'" quoting Strickland, 466 U.S. at 694. The judge again pointed out defendant had not shown how "any testimony concerning Mr. [Clark's] connection to the weapon would alter [defendant's] admitted knowledge, possession and control of the weapon" and concluded defendant had failed to establish prejudice under the second prong of Strickland.

On appeal, defendant argues:

> POINT I:  THE COURT ERRED IN FINDING TRIAL COUNSEL NOT INEFFECTIVE IN HIS FAILURE TO INVESTIGATE BOYCE CLARK'S OWNERSHIP OF THE SAFE AND ITS CONTENTS.
>
> POINT II:  THE COURT ERRED IN FINDING THAT THE CLAIMS OF INEFFECTIVE ASSISTANCE DID NOT PREJUDICE DEFENDANT AND WOULD NOT HAVE CHANGED THE RESULT OF THE TRIAL.

Defendant faults his counsel for not investigating Clark, for purposes of obtaining his testimony at trial or arguing the weapon was not owned or possessed by defendant.  Apparently acknowledging he did not submit an affidavit or certification regarding Clark, the safe, or its contents in support of his petition, defendant asserts his and his fiancée's trial testimony "exceeds the requirement of either a certification or an affidavit."

But by relying solely on the trial testimony, defendant left the PCR judge with little information about Clark.  Defendant provided the judge with no information regarding Clark's whereabouts, whether Clark could have been located, what discussions he had had with his attorney about Clark, whether he had had any discussions with Clark regarding his possible testimony, or whether Clark would have been willing and able to testify in any way favorable to

8

defendant's case. With nothing more, the record before the PCR judge about Clark's alleged ownership of the safe and its contents is exactly what we cautioned against in Cummings: bald assertions insufficient to demonstrate a prima facie case of ineffective assistance. 321 N.J. Super. at 170.

Having determined the PCR judge correctly held defendant had failed to establish the first Strickland prong, we need not address the second prong. See Strickland, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one.")

We perceive no abuse of discretion in the judge's determination to decide defendant's petition without an evidentiary hearing. A PCR judge should conduct an evidentiary hearing when "facts . . . lie outside the trial record." State v. Preciose, 129 N.J. 451, 462 (1992). Defendant chose in his petition on this issue to rely solely on trial testimony and did not present any supported facts outside the trial record. On that record, it was within the PCR judge's discretion to decide the petition without an evidentiary hearing.

We note defendant also contends the police should have advised him of his Miranda rights at his residence and not waited until defendant was at the police station. That argument should have and could have been made in his

direct appeal, and, accordingly, we do not consider it in this PCR appeal. See State v. Nash, 212 N.J. 518, 546 (2013) ("A petitioner is generally barred from presenting a claim on PCR that could have been raised at trial or on direct appeal.").

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2171-20